**COMMONWEALTH OF PENNSYLVANIA et al., Plaintiffs,**

**v.**

**NATIONAL ASSOCIATION OF FLOOD INSURERS, an unincorporated association, et al., Defendants.**

**Civ. A. No. 73–683.**

United States District Court,
M. D. Pennsylvania.

Sept. 10, 1976.

Kathleen Herzog Larkin, J. Justin Blewitt, Jr., Deputy Attys. Gen., Chief, Civ. Litigation, and Robert P. Kane, Atty. Gen., Harrisburg, Pa., for plaintiffs.

S. John Cottone, U. S. Atty., Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., and Bruce A. Menk, Dept. of Justice, Washington, D. C., for defendants, Carla A. Hills, Secretary of Housing and Urban Development, and the United States.

## OPINION

LATCHUM, Chief Judge.[1]

In prior proceedings in this case, all three counts of the complaint against the insurance defendants and federal defendants were found to be legally defective for various reasons and were dismissed by this Court. 378 F.Supp. 1339 (M.D.Pa.1974). Upon appeal, the Third Circuit filed an opinion, 520 F.2d 11 (C.A.3, 1975), and entered a judgment in lieu of a formal mandate which in relevant part reads:

> ". . . it is now here ordered and adjudged by this Court that the judgment of the said District Court, entered July 1, 1974, be, and the same is hereby reversed as to Count III as to only the federal defendants and the cause is remanded to the said District Court for a hearing as to the appropriateness of mandamus relief, and in all other respects the said judgment be and is hereby affirmed, all in accordance with the opinion of this Court."

Count III of the complaint is a petition for a writ of mandamus against James T. Lynn, Secretary of the Department of Housing and Urban Development ("HUD")[2] and the United States of America (both referred to as the "federal defendants"), seeking to have this Court direct those defendants to perform their statutory duty under the National Flood Insurance Act, 42 U.S.C. § 4020, "to make information and data available to the public, and to any State or local agency or official, with regard to—(1) the flood insurance program, its coverage and objectives. . . ."

Unlike this Court, the Court of Appeals (1) construed Count III as alleging that the Secretary of HUD *totally failed* to perform the statutory duty of publicizing the flood

---

1. Sitting by designation pursuant to 28 U.S.C. § 292(b).

2. During the pendency of this case, James T. Lynn was replaced as Secretary of HUD by Carla A. Hills, although this change has not been reflected in the caption of this case. (Rule 25(d), F.R.Civ.P.).

insurance program as required by § 4020, (2) held that this allegation was sufficient to state a claim upon which mandamus relief might be granted, *if proved,* and (3) ruled that it was error for this Court to dismiss Count III on the then existing record. 520 F.2d at 26. Elaborating on these holdings, the Circuit Court stated at pages 26–27:

"Under paragraph 38, the complaint alleged the *total failure* of the Secretary to perform the duties partially set forth in paragraph 34.

These paragraphs, [12, 34 and 38], when read together, set forth a sufficient allegation which, *if proved,* warrants mandamus relief. *Cf. People ex rel. Bakalis v. Weinberger,* 368 F.Supp. 721 (N.D.Ill. 1973). Although § 4020 does contain language of discretion normally not subject to review under a petition for mandamus, the discretion authorized pertains only to the time and manner of acting. Specifically, the provision mandates that 'the Secretary *shall . . . take* such action as may be necessary . . . .' 42 U.S.C. § 4020 (emphasis supplied). The inclusion of the phrase 'as may be necessary' does not permit disobedience to the initial directive, implicit in the statutory framework, requiring the Secretary to first consider whether or not action should be taken. *Cf. Work v. United States ex rel. Rives,* 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561 (1925); *Davis Assoc., Inc. v. HUD,* 498 F.2d 385 (1st Cir. 1974). It is sufficient if the Secretary, having considered whether action should be taken, then determines that no action is necessary.[31] But the Secretary cannot avoid

"[31] Even if it be shown that the Secretary has considered dissemination of flood insurance information but has consistently exer-

**3.** One of the affiants is George K. Bernstein, the Federal Insurance Administrator *from June 25, 1969 to November 30, 1974, who was re- sponsible for the overall administration of the National Flood Insurance Program.* (Docket Item 50, pars. 2 & 3). On February 27, 1969, George Romney, Secretary of HUD, executed a Delegation of Authority in which the Secretary's authority with respect to the National Flood Insurance Act, including the duties under § 4020, was delegated to the Federal Insurance

cised his discretion to make no information available, correction by mandamus may still lie if the failure to act constitutes an abuse of discretion. *See Chaudoin v. Atkinson,* 494 F.2d 1323, 1330 (3d Cir. 1974). Again, a hearing would be required to determine the appropriateness of mandamus relief under such circumstances."

taking the first step of evaluating the necessity of disseminating information. It is that step to which the Commonwealth has, in part, addressed its complaint. It is only at a hearing that the facts bearing upon this allegations may be developed. Accordingly, mandamus may issue to require the exercise of permissible discretion, *see McQueary v. Laird,* 449 F.2d 608, 611 (10th Cir. 1971), although the manner in which the discretionary act is to be performed is not to be directed by the court. *See Larson v. Domestic and Foreign Corp.,* 337 U.S. 682, 695, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)."

From the foregoing quotation it is clear that the Court of Appeals squarely held that § 4020 only imposes upon the Secretary of HUD the non-discretionary statutory duty to consider whether or not action should be taken to publicize the flood insurance program. Once the Secretary has decided to disseminate information regarding the flood insurance program and has undertaken efforts toward that end, the Court is powerless to review either the timing, the scope, the manner or the method of those efforts because these are matters wholly within the Secretary's discretion. 520 F.2d at 26.

The federal defendants have now moved for summary judgment and have supported their motion with extensive affidavits, made on personal knowledge by affiants[3] who are competent to testify to the matters

Administrator and Deputy Administrator with certain exceptions not material to this case. 34 F.R. 2680–81. The second affiant is H. Joseph Coughlin employed by HUD since January 1970 as a Special Assistant in the National Insurance Program of the Federal Insurance Administration. One of the responsibilities of both affiants was to prepare and coordinate the publicity efforts relative to the flood insurance program for the Federal Insurance Administration. (Docket Items 44, par. 3; 59, par. 2).

stated therein. Rule 56(e), F.R.Civ.P. These affidavits and the exhibits attached thereto (Docket Items 44, 50 and 59) state in voluminous detail the manner and scope of the federal defendants' efforts to disseminate information concerning the national flood insurance program to the public and to state and local agencies and officials both prior to and after the flood which occurred in Pennsylvania in June 1972. The Court will not attempt to detail the extensive publicity which emanated from the Federal Insurance Administration relating to the flood insurance program other than to state that the undisputed record is replete with hundreds of regular and special press releases, radio and television spot announcements, status notifications, public spot announcements, distribution of question-and-answer news releases and brochures, annual status reports to members of Congress, letters to state insurance commissioners, media articles, public meetings and seminars in all ten HUD regions, all directed to calling attention to and explaining the program to the public and state and local community officials. (Docket Items 44, 50 and 59). These publicity efforts, which continued throughout the period from 1969 to date, were directed not only nationally but also particularly to the flood prone regions of Pennsylvania and to those local communities that had become eligible under the program. The Court therefore finds on the present record that extensive and conscientious efforts were made by HUD to "make information and data available to the public, and to any State or local agency or official" concerning the flood insurance program pursuant to 42 U.S.C. § 4020.

Having found that the continuous efforts to publicize the program were in fact undertaken by HUD, it follows that the federal defendants have established without doubt that the mandatory and non-discretionary duty of the Secretary of HUD under § 4020 to consider whether or not to publicize the program was fulfilled. Thus, it is clear that consideration was given to disseminating information because action in fact was thereafter taken in a wide variety of ways to accomplish that end.[4] Once the duty to consider publicity has been taken followed by actual and continuous efforts to disseminate information, the Court is without power or authority to question the time and manner of acting or otherwise to direct the manner of performance because these are purely discretionary matters beyond the reach of mandamus relief.

The same conclusion was reached in the recent case of *Morris, et al. v. Secretary of HUD*, Civil Action No. 74–1224 (M.D.Pa. 1975) (Docket Item 70). The *Morris* case was brought by several individuals against the United States under the Federal Tort Claims Act in an attempt to recover for property damage suffered by the plaintiffs as the result of Hurricane Agnes. Count I of the plaintiffs' complaint in *Morris* involved issues practically identical to those presented in Count III of the instant complaint, viz., whether the Secretary of HUD failed to perform his duties under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.* As in this case, the question focused upon the requirements for publicizing the flood insurance program as set forth in 42 U.S.C. § 4020.

At pages 2–3 of his order in the *Morris* case, Judge Muir stated:

"In its Order of April 10, 1975, the Court [Judge Muir] stated that although the duty to make available flood insurance information is non-discretionary, the manner in which this is accomplished would be discretionary. Consequently, if the Secretary did undertake to publicize the program, the way in which he chose to do it would qualify for the 'discretionary function' exception to the waiver of sovereign immunity found in the Federal

---

4. Since the record clearly indicates that the Secretary's delegate considered disseminating information concerning the flood insurance program and in fact has continually taken affirmative action to publicize the program, it can not be said that the Secretary's delegate has consistently exercised his discretion to make no information available and this finding forecloses this Court from questioning whether "the failure to act constitutes an abuse of discretion." 520 F.2d at 26, n.31.

Tort Claims Act, 28 U.S.C. § 1346(b), §§ 2671, *et seq.* and could not serve as a basis for a claim against the Government. It is the Court's view that the affidavits filed by the United States demonstrate that the Secretary did attempt to disseminate flood insurance information in a manner which satisfies this Court's interpretation of § 4020.

\* \* \* \* \* \*

It is apparent that certain of the activities undertaken by the Secretary, such as distribution of information to local newspapers and radio stations in or near eligible communities, were designed to disseminate flood insurance information to individual members of the public. The Court is satisfied that under the interpretation of § 4020 embodied in its April 10 Order, the Secretary fulfilled his non-discretionary duty to publicize the flood insurance program. The manner in which he performed this campaign is not subject to judicial scrutiny.

The Third Circuit's Opinion in *Commonwealth of Pennsylvania v. National Association of Flood Insurers,* supra, adds further weight to the conclusion that the motion to dismiss Count I must be granted. Even assuming that the Secretary did not meet the standards under § 4020 enunciated in the Court's Order of April 10, 1975, he has nevertheless complied with the much less stringent standards promulgated in *National Association of Flood Insurers.* The Third Circuit holds that all the Secretary need do to carry out his non-discretionary statutory duty under § 4020 is to consider whether or not action should be taken to publicize the flood insurance program. Given the extensive amount of activity in which the Secretary engaged in an attempt to publicize the program, it is purely fanciful to argue that he did not consider publicizing it to individual members of the public such as the plaintiffs."

The Third Circuit, by affirming the *Morris* decision on June 11, 1976 in *Morris, et al. v. Lynn, Secretary of HUD et al.,* 538 F.2d 319, has essentially adopted Judge Muir's findings and conclusions quoted above. It should also be noted that the affidavits filed in this case are identical in many respects to those filed in the *Morris* case upon which Judge Muir relied. The major difference is that the affidavits filed here are more comprehensive and cover publicity efforts over a longer period of time. (Compare Docket Item 49 with Items 44, 50 and 59).

The plaintiffs do not directly contradict the affidavits of the federal defendants which outline the efforts made by HUD to publicize the flood insurance program. Rather they advance the same argument here that was urged in the *Morris* case, viz., that the federal defendants have totally failed to establish that the large volume and variety of publicity of HUD was the result of "consideration" by the Secretary's delegate and the Federal Insurance Administration of their duties under § 4020. In view of the extensive efforts to publicize, this argument was described as "purely fanciful" by Judge Muir in the *Morris* case and this Court finds that description apt to the replay of that argument here.

Plaintiffs' second argument is that the Court should not accept the fact that the distribution of press releases and public service announcements regarding the flood insurance program to radio and television stations in Pennsylvania amounted to an effort by HUD to contact the general public because the use of such news items was entirely within the news media's discretion. This argument is patently frivolous because the record shows that many newspapers, radio and television stations did run the press releases and public service announcements.

Plaintiffs' underlying complaint appears to be that HUD should have handled its publicity efforts in a different manner by utilizing different methods than was actually done. However, the Third Circuit in this case has held that "the time and manner of acting" to disseminate information are matters of discretion which are not open to review by this Court in a mandamus action. 520 F.2d at 26.

Accordingly, the Court finds on the present undisputed record (1) that the Secretary's delegate did consider taking action to make information and data available to the public and to state and local agencies and officials, and (2) that such decisions were followed by extensive and varied methods of publicity and the Court therefore concludes, as a matter of law, that the mandamus relief requested by the plaintiffs is inappropriate to this case. The federal defendants' motion for summary judgment of dismissal of Count III will be granted.

An order will be entered in accordance with the foregoing and this opinion shall constitute the Court's findings of fact and conclusions of law.